AO 91 (Rev. 11/11) Criminal Complaint (modified by USAO for telephone or other reliable electronic means)

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| United States of America<br>v.<br><br>ERMIAS GOLLA<br><br>Defendant(s) | Case No. 2:20-mj-705 |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __10/9/20__ in the county of __Franklin__ in the __Southern__ District of __Ohio__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846 | Attempt to knowingly and intentionally possess with an intent to distribute a controlled substance, to wit: 500 grams or more of mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. 846 |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☒ Continued on the attached sheet.

_____
Complainant's signature

SA Zachary Bennett, DEA
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by _____ (specify reliable electronic means).

Date: 10/09/2020

City and state: Columbus, Ohio

Kimberly A. Jolson
United States Magistrate Judge

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Zachary Bennett, (hereinafter referred to as the Affiant) being duly sworn, depose and state:

1. I am a Special Agent with the Drug Enforcement Administration (DEA) and have been so employed since 2018. I graduated from the DEA Academy located in Quantico, Virginia and received approximately 16 weeks of specialized narcotics related training. The training included controlled substances identification, narcotics related investigative techniques, interview and interrogation training, preparation of search warrants, tactical application of narcotics enforcement, surveillance and electronic monitoring techniques and money laundering investigations. I am currently assigned to the Columbus District Office in Columbus, Ohio.

2. As a DEA Special Agent, I have participated in the execution of search warrants at residences and businesses used by narcotics traffickers and have participated in numerous arrests for drug related state and federal offenses. I have participated in investigations targeting individuals and organizations trafficking heroin, cocaine, marijuana, methamphetamine and other controlled substances as defined in 21 U.S.C. § 801. Through the course of these investigations, I have personally interviewed confidential sources and other persons involved in the distribution of illegal narcotics. I have also interviewed persons arrested for the distribution of illegal narcotics. I have spoken with more experienced narcotics investigators with whom I have worked with concerning the practices of narcotics traffickers and the best investigative methods to use when conducting investigations of narcotics trafficking organizations. Through the course of my investigations and through informal training from more experienced narcotics investigators, I have become familiar with the methods and means utilized by persons who participate in the illegal distribution of controlled substances.

## PURPOSE OF AFFIDAVIT

3. This affidavit is made in support of an application for a federal arrest warrant and complaint against **ERMIAS GOLLA** (hereinafter referred to as "GOLLA"). My knowledge of this investigation is based upon my own personal observations, as well as the observations and investigation conducted by other law enforcement officers knowledgeable of the facts and circumstances involved in the subject investigation. I have not included in this Affidavit all the facts known to me, but only that information sufficient to establish probable cause to believe that GOLLA has committed a violation of Title 21, United States Code, Sections 846, that being attempt to knowingly and intentionally possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance.

## FACTS SUPPORTING PROBABLE CAUSE

4. On October 8, 2020, United States Magistrate Judge Kimberly A. Jolson authorized a federal anticipatory search warrant for a Priority Mail Parcel (hereinafter TARGET PARCEL) that was sent from Phoenix, Arizona to 985 N. High Street, Apt. 522 in Columbus, Ohio. According to postal records, the TARGET PARCEL was addressed to "Sydney Turner, 985 N. High Street, Apt

1

522, Columbus, Ohio 43201" with a return address of "Michael Turner, 1218 E. Monroe Street, Phoenix, Arizona 85034". Investigators determined that the return address of "1218 E. Monroe St., Phoenix, AZ 85034" does exist, however, there is no "Michael Turner" associated with that residence. There are also no individuals with the last name Turner associated with the address. Similarly, destination address "985 N. High St., Apt 522, Columbus, OH 43201" is not a valid address, in that although it is a valid residential address, there is no "Sydney Turner" associated with that residence. There are also no individuals with the last name Turner associated with the address.

5. Earlier that day, law enforcement officers in Columbus executed a search warrant on the TARGET PARCEL and discovered the TARGET PARCEL contained miscellaneous clothing and approximately 7.29 gross kilograms of a substance which field tested positive for Methamphetamine, a Schedule II controlled substance.

6. On October 9, 2020, Investigators with the DEA Columbus District Office, United States Postal Service (USOS) Office of Inspector General (OIG) and Whitehall Police, formulated plans to conduct a controlled delivery of the TARGET PARCEL pursuant to the anticipatory search warrant. Law enforcement removed the suspected methamphetamine from the TARGET PARCEL and replaced it with a pseudo substance ("sham") prior to attempting delivery of the TARGET PARCEL.

7. October 9, 2020 at approximately 12:30 p.m., investigators with the USPS OIG and DEA delivered the TARGET PARCEL to the mail room located in the 1st floor lobby of 985 N. High Street in Columbus, Ohio. The TARGET PARCEL was scanned by USPS OIG Special Agent posing as a USPS mail carrier. Shortly after the TARGET PARCEL was scanned as delivered, investigators who had established surveillance on the TARGET PARCEL observed **GOLLA** enter the 985 N. High Street building. Once this took place, **GOLLA** was observed taking possession of the TARGET PARCEL. Upon arriving on the 5th floor of the apartment building, investigators observed **GOLLA** walking down the hallway carrying the TARGET PARCEL. Once officers observed **GOLLA** standing in front of Apartment 524 and as attempting to gain access with the TARGET PARCEL, investigators identifying themselves as law enforcement attempted to take **GOLLA** into custody for possessing the TARGET PARCEL.

8. As investigators attempted the arrest of **GOLLA**, he (**GOLLA**) turned his body facing away from investigators, dropped the TARGET PARCEL and began running toward the elevators located on the other side of the 5th floor hallway. While in pursuit of **GOLLA**, investigators, who were positioned out of sight in the area of the hallway where **GOLLA** was running, appeared and took **GOLLA** into custody. Upon **GOLLA** being taken into custody and transported down the elevator to the main lobby, **GOLLA** struck Whitehall Division of Police Detective and federal Task Force Officer J. Slosser while in the elevator. At which time, **GOLLA** was taken to the ground in the main lobby. During this time, **GOLLA** continued to actively resist investigators by kicking his feet at Detective J. Slosser and striking him again. While investigators continued to gain control of **GOLLA**, he (**GOLLA**) grabbed Detective J. Slosser's ankle holster which contained Detective J. Slosser's firearm. At this time, investigators gained control of **GOLLA**'s hand and prevented him from obtaining the firearm.

9. DEA investigators attempted to interview **GOLLA** while at the DEA Columbus District Office. **GOLLA** ultimately refused to speak with investigators.

10. Based upon my experience and training, your Affiant is aware that the quantity of methamphetamine in the TARGET PARCEL is consistent with a distribution amount.

11. Based upon this information, your Affiant believes probable cause exists that on the above date, in the Southern District of Ohio, **Ermias GOLLA** attempted to knowingly and intentionally possesses with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of 21 U.S.C. § 846.

_____
Zachary Bennett
Special Agent
Drug Enforcement Administration

Sworn before me and subscribed in my presence on this __9th__ day of October, 2020, in Columbus, Ohio.

_____
Kimberly A. Jolson
United States Magistrate Judge

3